### COMPROMISE AGREEMENT AN ACCOUNT OF INJURIES.

Common Pleas Court of Licking County.

MARY A. CRAWLEY v. THE INDIANA, COLUMBUS & EASTERN TRACTION CO.

Decided, 1912.

*Tender—Necessary of Sum Received in Settlement of Claim for Personal Injuries—Before an Action for Such Injuries Can be Maintained.*

Where a compromise settlement has been made between an injured person and the party causing the injuries, the latter denying any liability but expressing a willingness to pay something to get rid of the matter, suit can not afterward be maintained by the injured person for damages on account of alleged negligence in causing the injuries, without first making a tender to the defendant of the amount theretofore received by way of settlement.

*Smythe & Smythe* and *J. M. Swartz,* for plaintiff.
*J. R. Fitzgibbon* and *Durbin & King,* contra.

SEWARD, J. (orally).

This case is submitted upon a general demurrer to the reply. This is a suit brought to recover damages for negligence alleged to have been committed by the defendant company by which the plaintiff sustained certain injuries. The defendant sets up an acquittance and receipt given by her in full of any damages she may have sustained. The plaintiff files a reply and says that

·she admits that they paid her one hundred and fifty dollars, and says that she accepted that under a fraudulent misrepresentation of the agent of the company, who paid her the one hundred and ·fifty dollars. She says that this gentleman came to her without any request or solicitation on her part and she says:

"She was approached by said defendants and offered by said defendants for payment for the injuries inflicted upon her as stated in said petition, the sum of $150; and said defendants made false and fraudulent statements to her at the time in regard to her physical condition and the condition of her unborn child, said defendants falsely and fraudulently stating and insisting that no injury had been done to her unborn child; if said child had been injured in anyway, miscarriage would have taken place before time of the offer, and made other false and fraudulent statements in regard to the extent of the physical injury to the plaintiff."

Now, the question is whether those statements made by the agent of the company were such statements that you could have determined the truth or falsity of them, or not. I think that matter is fully settled in the 33d Ohio State at page 283, the case of *Etna Insurance Company* v. *Reid*. Reid lived in Paulding county and was in the mercantile business. He procured one policy of insurance for seventeen hundred dollars and another, called an addenda, for one thousand dollars, making twenty-seven hundred dollars. He had a loss sometime in February, 1873. The agent, Mr. Rice, called upon him. They went to Paulding together. Rice told him in the office that he had no claim against the company and that he could go out and consult a lawyer and that the lawyer would tell him that he had, and put expense on him. That if he sued, they would take it to the United States court and make it very expensive for him, and that he had better settle the matter, and would give him one hundred dollars. Reid accepted the one hundred dollars in full satisfaction of any claim that he had. Afterwards he consulted a lawyer and the lawyer told him that he had a good case. He brought suit. The defendant set up the suit and acquittance, and it was alleged in the reply, or one of the pleadings at any rate—probably in the

petition—that this was fraudulently procured from him and set up the statement that was made by Rice to him in order to procure the receipt, and make a settlement such as was made. The Supreme Court say in the syllabus:

"2.   An action will lie for a false representation of a material fact, whether the party making it knew it to be false or not, if he had no reason to believe it to be true, when made, and it was done with the intention of inducing the person to whom made to act upon it, and the latter does so, sustaining a damage in consequence.

"3.   Where an agent of an insurance company makes representations to one having a claim for a loss against the company, the parties standing in antagonistic relations [the agent of this company was in an antagonistic relation to the plaintiff in this case.   She could not help but know that he was antagonistic because he represented the defendant company], that the latter had no claim or rights that he could enforce by legal proceedings, such representations are only opinion—representations upon which he had no right to rely; and if he does so rely, it must be at his own risk, because the truth or falsehood of such representations could be ascertained by ordinary diligence."

The Supreme Court in their opinion say:

"But it is not every erroneous representation that will avoid a contract.   To have that effect it must be as to a fact material in the transaction, not mere opinion.   It must be a representation of a material matter upon which the party, whom it affects injuriously, had a right to rely and did rely.   If the representation be mere matter of opnion, or of fact equally within the knowledge of both parties, or one upon which the party had no right to rely, the representations, though acted upon, will not vitiate the transaction."

This suit was brought without any tender being made of the $100 that was received in settlement of the case.   The Supreme Court has certainly held in the 69th Ohio State. at page 294, that that kind of an action can not be maintained—that the person who receives money in settlement of a claim must put the other in *statu quo;* that he must return the money before he plants his suit; that he can not eat his cake and have it at the same time.   In this case of *The Manhattan Life Insurance Company* v. *Burke:*

"Where at the time of a compromise of a claim founded on a contract of life insurance, a dispute exists between the parties as to the liability of the company in any sum whatever, it denying that anything is owing, and an amount less than the claim is paid to the claimant in settlement of the controversy, and he executes a full acquittance and release, and surrenders the policy, an action at law on the policy can not be maintained without a return or a tender of the amount received, even though the party's assent to the settlement was obtained by the fraudulent representations of the other party, the amount received as the settlement is in the petition credited as a payment. on the policy."

It is claimed as against this 69th Ohio State that she only received a part of what was already due. But the company does not admit that. They do not admit that anything was due. They simply gave her that by way of compromise or settlement of the claim. The court thinks that the demurrer to the reply is well taken, and it ought to be sustained, and it is so ordered.